UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DIANE PERITZ,

                           Plaintiff,

    -against-

NASSAU COUNTY BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, BONNIE HELLER,
JANET WEISEL,

                           Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, DIANE PERITZ, by and through her attorney, Mindy Kallus, for her Complaint against Defendants, NASSSAU COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES (hereafter referred to as "BOCES"), BONNIE HELLER, and JANET WEISEL, hereby alleges, upon knowledge as to herself and her own actions, and, upon information and belief, as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 121101, and 42 U.S.C. 12112(a), et seq. and under New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law, 290, et seq.

2. This Court has jurisdiction pursuant to:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. 1367, which gives district courts supplemental jurisdiction over state law claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (1) one or more of the Defendants reside within this judicial district; (2) the events which gave rise to the Plaintiff's claims occurred in Nassau County which is located in the Eastern District of New York;

## PARTIES

4. Plaintiff, DIANE PERITZ, is a resident of Nassau County, New York (hereafter referred to as "Plaintiff"). At all times relevant hereto until her termination, Plaintiff was employed as a probationary employee of NASSAU COUNTY BOARD OF COOPERATIVE SERVICES (referred to hereafter as "BOCES") until her termination. She was an experienced Occupational Therapist with 16 years of experience throughout the New York City area.

5. Throughout her employment, BOCES was Plaintiff's employer as defined in New York Executive Law § 290. BOCES is an educational organization that provides teaching services and therapies to special needs children.

6. Defendant BONNIE HELLER is and was the principal of the Nassau County BOCES Rosemary Kennedy School, lower division.

7. Defendant JANET WEISEL is the BOCES Supervisor of Occupational Therapists and supervised Plaintiff.

## FACTS

8. Plaintiff was initially hired by BOCES in March of 2015 as a part-time employee in the field of occupational therapy. When she was offered the BOCES position by Weisel, who would become her supervisor, there was much discussion between Plaintiff and Weisel about the permanency of the position offered to her because the Civil Service deadlines relating to BOCES and the timeline imposed by Weisel required Plaintiff to leave her position in New York City. Plaintiff's New York City position was a permanent position that she had held for several years.

The New York City position was fulfilling except for a very long commute of more than two hours in each direction. The commute for the new position in Nassau County, however, was twenty minutes long.

9. In April of 2015, Weisel asked Plaintiff to become full time at BOCES because Weisel explained that Plaintiff was doing a wonderful job. Prior to accepting the position, Plaintiff asked Weisel whether the position was permanent because she was then also working as a part-time therapist for the City of New York.

10. Weisel assured Plaintiff that the BOCES position would be permanent because occupational therapists and physical therapists employed by BOCES receive tenure nearly automatically.

11. On accepting the offer of a full-time position at BOCES, Plaintiff was placed in two schools—the Center for Community Adjustment (hereafter, "CCA") and the Jerusalem Avenue School.

12. Plaintiff was first observed by Weisel in May of 2015 at CCA. Weisel determined that the observation was satisfactory and Plaintiff was asked to work the summer session, which would not have happened if she had not been doing well.

13. Plaintiff was then informed that she would be observed twice more before receiving tenure which was expected to take place in the early fall.

14. Plaintiff subsequently requested dates for the additional two observations. Weisel failed to schedule these observations on a timely basis, but assured Plaintiff that the observations would not interfere with receiving tenure.

15. While working in the summer session, Plaintiff woke up on August 11, 2015 in great pain.

16. Plaintiff was unable to go to work that day and immediately went to see Dr. Beer of Long Island Spine. Dr. Beer ordered an epidural and MRIs.

17. When Plaintiff's condition worsened, Plaintiff spoke to Assistant Principal Barrett and volunteered to come to school in a wheel chair in order to finish her summer paperwork.

18. Although Assistant Principal Barrett agreed that Plaintiff could use a wheel chair, Weisel advised her that she would not be permitted to come to the school but that Weisel would complete the paperwork.

19. Weisel subsequently commended Plaintiff for her notes and organizational skills which made Weisel's task easier.

20. Plaintiff spent the rest of the summer resting and getting treatment for her back. Her doctor had diagnosed the condition as spinal stenosis and stated that he believed that the condition would improve somewhat.

21. At the end of the summer, Plaintiff was notified by mail that she would be placed in the fall with the CCA (which had expressly asked her back) and with the Rosemary Kennedy School.

22. Toward the end of the summer, Plaintiff requested an accommodation for her back condition. Plaintiff's doctor prepared a letter on August 31, 2015 requesting an accommodation for Plaintiff based upon her back condition.

23. Defendants, however, failed to engage in an interactive process and failed to accommodate Plaintiff's disability which would have permitted Plaintiff to perform the functions of her job in a reasonable manner.

24. Although Weisel repeatedly advised Plaintiff that she would be accommodated, Defendants failed to accommodate Plaintiff and instead terminated her to be effective November 5, 2015.

25. Prior to suffering from spinal stenosis, Plaintiff's supervisors and BOCES treated Plaintiff as a respected occupational therapist. After sustaining the back condition, Defendants took retaliatory actions which led up to the decision not to grant Plaintiff tenure and to terminate her. Defendants' actions were also discriminatory because virtually all non-disabled therapists employed by BOCES received tenure.

26. During the week before the 2015/2016 school year, Plaintiff called Weisel to discuss her back condition and weakness that were improving slowly, Plaintiff suggested taking off until she was stronger. Weisel asked instead for a doctor's letter seeking an accommodation for the disability.

27. A meeting regarding the accommodation requested by Plaintiff was scheduled for September 11, 2015. The meeting was run by Selma Shelton of BOCES with the school principals on the phone. Weisel and Carmine Scerra were also at the meeting. A follow up email summarized the plan which was agreed to by the CCA, Chris Korolczuk and by John Picarello, a principal of the Rosemary Kennedy School.

28. BOCES agreed to the accommodation at the meeting and Plaintiff was assured that the accommodation would be implemented. The accommodation involved the use of aides to assist with lifting. No one advised Plaintiff that anything else needed to be done.

29. Indeed, Weisel assured Plaintiff that the accommodation would be implemented and she should not be concerned.

30. Weisel and BOCES personnel disregarded the terms of the accommodation and did not abide by the plan.

31. After the accommodations for disability were allegedly reached, the second and third evaluations of Plaintiffs took place and reports were signed by Weisel and one of the school principals. The evaluations were critical of Plaintiff.

32. On Oct 2, 2015, Peritz was given a letter in the office of the Rosemary Kennedy School signed by Principal Bonnie Heller stating that Heller wanted to have a disciplinary meeting. At that time Plaintiff had never met Heller.

33. Bob Dreaper, Plaintiff's union representative was present at the October 2, 2015 meeting it became clear at the meeting that a paraprofessional in one of the Plaintiff's sessions had complained about Plaintiff in relation to her lifting. The paraprofessional had not been made aware of Plaintiff's disability or of the accommodation granted to her. Parties at the meeting also discussed an earlier observation of Plaintiff involving a somnolent medicated student who did not know Plaintiff. At the conclusion of the meeting Plaintiff was advised to get Dr. Beer to update the request for an accommodation, which Plaintiff did on Oct 11.

34. A phone conference was subsequently held regarding the updated accommodation and the parties agreed that the plan would be implemented.

35. Nevertheless, the letter summarizing the meeting was biased and the union representative agreed that Plaintiff would write a response which she did.

36. There is no question that Plaintiff is skilled at working with the population at the Rosemary Kennedy School, having worked with such students in home care for more than 10 years.

37. Heller subsequently rejected the accommodation even though she had never met or spoke to Plaintiff regarding her condition.

38. A meeting was subsequently held on October 20, 2015. Plaintiff was advised that her termination date was the fifth of November.

39. Plaintiff was terminated as of November 5, 2015. Contrary to the terms of the CBA Plaintiff did not receive 30 days' notice as required. Indeed, if Plaintiff had been employed past November 5, she would have been granted tenure.

40. Upon Plaintiff's termination, Plaintiff filed a grievance and engaged in the grievance process with BOCES. The parties failed to reach a resolution of the grievance process.

41. On February 1, 2016, Plaintiff filed a timely Notice of Claim against BOCES--within ninety days of Plaintiff's termination. A true and accurate copy of the Notice of Claim is attached hereto as Exhibit A.

42. On April 21, 2016, Plaintiff filed a timely Charge with the Equal Employment Opportunity Commission, alleging a violation of the ADA. A true and accurate copy of the Charge is attached hereto as Exhibit B.

43. On July 27, 2016, the United States Department of Justice issued a Right to Sue Letter which was received by Plaintiff's counsel on August 1, 2016. A true and accurate copy of the Right to Sue Letter is attached hereto as Exhibit C.

### FIRST CLAIM FOR RELIEF

### (ADA--Unlawful Failure to Provide a Reasonable Accommodation)

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff with a history of back pain and a diagnosis of spinal stenosis received in the summer of 2015 is a "qualified individual on the basis of disability" in the "terms, conditions, and privileges of employment."

46. Plaintiff's impairment limited a major life activity and the limitation was substantial.

47. Plaintiff could perform the essential functions of her position with reasonable accommodation, such as assistance with lifting.

48. Defendant BOCES is an employer that had notice of Plaintiff's disability.

49. BOCES's failure to provide Plaintiff with a reasonable accommodation to her known disabilities constitutes an unlawful constitutes an unlawful discriminatory practice.

50. BOCES violated the Americans with Disabilities Act by failing to provide reasonable accommodations for Plaintiff's disability and by failing to engage interactively in the reasonable accommodation process.

51. As a direct and proximate result of Defendants' unlawful failure to reasonably accommodate Plaintiff, Plaintiff sustained injuries and damages.

> **WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant BOCES providing the following relief:
>
> a. Compensatory damages in an amount to be determined at trial, including emotional distress damages, loss of health benefits and retirement income;
>
> b. Punitive damages in an amount to be determined at trial;
>
> c. Alternatively, an order placing Plaintiff in the position that she would have been in had there been no violation of her rights;
>
> d. An award of interest, costs, and reasonable attorneys' fees;
>
> e. Any and all remedies provided pursuant to the Americans with Disabilities Act.
>
> f. Such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Retaliation under ADA)

52. Plaintiff repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53. After seeking treatment for spinal stenosis, Plaintiff engaged in conduct protected under the ADA when she requested an accommodation for her disability.

54. Plaintiff was subjected to adverse employment actions by BOCES soon after requesting an accommodation. Despite earlier positive evaluations, Plaintiff received two negative evaluations and was terminated on November 15, 2015 shortly thereafter.

55. The actions taken by BOCES in terminating Plaintiff, after considering Plaintiff's request for an accommodation, constituted retaliation under the ADA.

56. Plaintiff's protected activity in requesting an accommodation was a but for cause of the adverse employment actions taken by BOCES.

57. As a consequence of the actions taken by BOCES and BOCES personnel, Plaintiff was retaliated against and sustained injury and damages.

   **WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant BOCES providing the following relief:

   a. Compensatory damages in an amount to be determined at trial, including emotional distress damages, loss of health benefits and retirement income;

   b. Punitive damages in an amount to be determined at trial;

   c. Alternatively, an order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

   d. An award of interest, costs, and reasonable attorneys' fees;

   e. Any and all remedies provided pursuant to the Americans with Disability Act.

f. Such other and further relief as the Court deems right and appropriate

## THIRD CLAIM FOR RELIEF

### (NYSHRL—Unlawful Discharge)

58. Plaintiff repeats and realleges paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff, having an actual impairment, spinal stenosis and a history of back problems, that prevents the exercise of normal bodily function and is a medically diagnosable disability, was unlawfully discharged by for her impairments and disability.

60. Plaintiff is qualified for her job as an Occupational Therapist and is able to satisfactorily perform the "essential functions" of the job with or without reasonable accommodation.

61. As a consequence of the actions taken by BOCES, Plaintiff was unlawfully discharged in violation of the NYSHRL.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against all Defendants providing the following relief:

a. Compensatory damages in an amount to be determined at trial, including emotional distress damages, loss of health benefits and retirement income;

b. Punitive damages in an amount to be determined at trial;

c. Alternatively, an order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

d. An award of interest, costs, and reasonable attorneys' fees;

e. Any and all remedies provided pursuant to the New York State Human Rights Law.

f. Such other and further relief as the Court deems just and proper.

## **FOURTH CLAIM FOR RELIEF**

### (NYSHRL—Retaliation)

62. Plaintiff repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiff herein participated in a protected activity known to the Defendants when she requested an accommodation for her disability.

64. A number of employment actions disadvantaged the plaintiff and a causal connection between the protected activity and the adverse employment action amounted to retaliation against Plaintiff. An adverse employment action "need not affect the terms and conditions of a Plaintiff's employment for purposes of a claim of retaliation.

65. As a result of the actions taken against Plaintiff, Plaintiff was injured and sustained damages.

      **WHEREFORE**, Plaintiff requests that this Court enter judgment against all Defendants providing the following relief:

    a. Compensatory damages in an amount to be determined at trial, including emotional distress damages, loss of health benefits and retirement income;

    b. Punitive damages in an amount to be determined at trial;

    c. Alternatively, an order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

    d. An award of interest, costs, and reasonable attorneys' fees;

    e. Any and all remedies provided pursuant to the New York State Human Rights Law.

    f. Such other and further relief as the Court deems just and proper

## FIFTH CLAIM FOR RELIEF

### (NYSHRL—Aider and Abettor Liability)

66. Plaintiff repeats and realleges paragraphs 1 through 65 as though set forth herein.

67. NYSHRL prohibits disability discrimination law that is aided and abetted by individuals.

68. Principal Heller and Supervisor Weisel aided and abetted BOCES's discrimination of Plaintiff by refusing to accommodate Plaintiff's disability in violation of Section 296(6) of the NYSHRL and committing adverse actions against Plaintiff by negatively evaluating her in order to terminate her.

69. As a proximate result of Heller's and Weisel's actions, Plaintiff has suffered and continues to suffer a substantial loss of employment benefits, including health benefits and retirement benefits, emotional distress damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against all Defendants providing the following relief:

a. Compensatory damages in an amount to be determined at trial, including emotional distress damages, loss of health benefits and loss of retirement income;

b. Punitive damages in an amount to be determined at trial;

c. Alternatively, an order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

d. An award of interest, costs, and reasonable attorneys' fees;

e. Any and all remedies provided pursuant to the New York State Human Rights Law.

   f. Such other and further relief as the Court deems just and proper.

Further, Plaintiff demands trial by jury.


Dated: Bronx, New York
   September 28, 2016

            Respectfully submitted,

            THE LAW OFFICE OF MINDY KALLUS
            *Attorneys for Plaintiff*
            3220 Netherland Avenue, Suite 5D
            Bronx, New York 10463
            Tel.: (646) 470-0819

            By: *[signature]*
            MINDY KALLUS (MK 0960)

## VERIFICATION

STATE OF NEW YORK )
: ss.
NASSAU COUNTY )

DIANE PERITZ, being duly sworn, deposes and says that she is the Plaintiff in the within Complaint, that she has read the foregoing Complaint, and knows the contents thereof, and the same is true to her own knowledge, except as to those matters stated to be on information and belief, and that as to those matters she believes them to be true.

*[signature]*
DIANE PERITZ

Sworn to before me this
September 28 2016

*[signature]*
Notary Public

GLEN CARBALLO
Notary Public - State of New York
NO. 01CA6321071
Qualified in Suffolk County
My Commission Expires Mar 16, 2019