UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIANE PERITZ,

                    Plaintiff,

        -against-

NASSAU COUNTY BOARD OF
COOPERATIVE EDUCATIONAL
SERVICES, BONNIE HELLER, and
JANET WEISEL,

                    Defendants.
------------------------------------------------------------X

16-CV-05478 (SJF)(AYS)

**ANSWER AND JURY DEMAND**

Defendants NASSAU COUNTY BOARD OF COOPERATIVE EDUCATIOONAL SERVICES, BONNIE HELLER, and JANET WEISEL, (hereinafter collectively referred to as "the Defendants" or Defendants), by their attorneys, Silverman & Associates, respectfully submit this as and for their Answer to the Complaint of the Plaintiff herein, and respectfully set forth as follows, upon information and belief:

**Jurisdiction and Venue**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs "2.a" and "2.b" of the Complaint except admit that Plaintiff purports to establish the jurisdiction of this Court as stated therein.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

## Parties

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint but admit that Plaintiff was employed as a probationary employee until her termination.

5. Paragraph "5" of the Complaint constitutes a legal conclusion to which no response is required.

6. Defendants admit that Defendant Heller is employed as the Principal for the Rosemary Kennedy School (Lower).

7. Defendants admit that Defendant Weisel is employed as the Program Manager at the Rosemary Kennedy School - Special Education Support Services Center.

## Facts

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint but admit that Plaintiff was first hired in March 2015 as a part-time probationary employee.

9. Defendants deny the allegation set forth in Paragraph "9" of the Complaint but admit that Plaintiff became a full-time employee in April 2015.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint in the form alleged.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint but admit that Plaintiff was observed by Defendant Weisel in May 2015.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint but admit Plaintiff was terminated effective November 5, 2015.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint in the form alleged.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint in the form alleged.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint but admit a meeting was held on October 20, 2015.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint in the form alleged.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint, but admit Exhibit "A" purports to be a Notice of Claim.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint, but admit Exhibit "B" purports to be a Charge with the Equal Employment Opportunity Commission.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint, but admit Exhibit "C" purports to be a Right to Sue letter.

### As and For Plaintiff's "First Claim for Relief"

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint in the form alleged.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

### As and For Plaintiff's "Second Claim For Relief"

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

### As and For Plaintiff's "Third Claim For Relief"

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

### As and For Plaintiff's "Fourth Claim for Relief"

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

### As and For Plaintiff's "Fifth Claim for Relief"

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint and refer all questions of law to the Court.

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

70. The Complaint fails to state a cause of action, either under Federal or State law, upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

71. The Defendants enjoy qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

72. This Court lacks personal jurisdiction over the Defendants sued in their individual capacities.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

73. The Plaintiff is not entitled to punitive damages based on the fact that the Complaint fails to plead any facts sufficient to warrant such relief.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

74. The Defendants did not act maliciously or with ill will toward the Plaintiff.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

75. The Defendants were not motivated by an intention to discriminate on the basis of impermissible considerations, to punish or inhibit the exercise of Constitutional rights, or by a malicious or bad faith intent to injure.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

76. The Defendants did not make a deliberate decision to deprive the plaintiff of any rights.

### AS AND FOR AN EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

77. The Defendants at all times relative to the Plaintiff's Complaint fully complied with all provisions of the Americans with Disabilities Act and the New York State Human Rights Law and all applicable laws, statutes, rules, and regulations.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

78. The Plaintiff has failed to mitigate her damages.

## AS AND FOR A TENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

79. The Plaintiff's claims are barred in whole, or in part, by the statute of limitations, res judicata, collateral estoppel, or a combination of all or any doctrine.

## AS AND FOR AN ELEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

80. The Plaintiff's actions may be barred by the equitable doctrines of waiver, estoppel, and unclean hands.

## AS AND FOR A TWELFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

81. The Defendants, its agents, servants, and/or employees did not take part in, or direct, any of the acts complained of which resulted in Plaintiff's alleged injuries.

## AS AND FOR A THIRTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

82. Punitive damages are not available against the District Defendants.

## AS AND FOR A FOURTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

83. Punitive damages are not available under New York Executive Law §§ 296 and 297.

## AS AND FOR A FIFTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

84. The Plaintiff has not exhausted her available internal or administrative remedies.

## AS AND FOR A SIXTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

85. The Plaintiff failed to satisfy certain conditions precedent before filing this action against the answering defendants.

## AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

86. The Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by the defendants, or by a person or entity for whom the defendants are responsible.

## AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

87. The Plaintiff's alleged disability and/or an alleged perceived disability was not the "but for" cause of the defendants actions, or any adverse alleged action.

## AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

88. The Plaintiff was and is not a qualified individual with a disability under the ADA and, therefore, cannot state a claim under the ADA against the answering defendants.

## AS AND FOR TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

89. All actions taken by the defendant with respect to the Plaintiff's employment were based solely on legitimate, non-discriminatory reasons.

## AS AND FOR TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

90. The Plaintiff has not suffered any adverse employment action.

## DEMAND FOR A JURY TRIAL

91. Defendants, NASSAU COUNTY BOARD OF COOPERATIVE EDUCATIOONAL SERVICES, BONNIE HELLER, and JANET WEISEL, demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

**THAT**, by reason of this action, said answering Defendants have been and will be put to costs and expenses including attorney's fees.

**WHEREFORE**, Defendants, NASSAU COUNTY BOARD OF COOPERATIVE EDUCATIOONAL SERVICES, BONNIE HELLER, and JANET WEISEL, demand judgment dismissing the Complaint herein, and for costs, fees and disbursements incurred in this action.

Dated: White Plains, New York
November 1, 2016

                                      Respectfully submitted,

                                      **SILVERMAN & ASSOCIATES**

                                      By: *Karen C. Rudnicki*
                                      Lewis R. Silverman
                                      Karen C. Rudnicki
                                      Attorneys for Defendants
                                      445 Hamilton Avenue, Suite 1102
                                      White Plains, New York 10601
                                      (914) 574-4510

TO:    <u>**Via ECF and First Class Mail**</u>
        LAW OFFICE OF MINDY KALLUS
        Mindy Kallus
        Attorneys for Plaintiff
        3220 Netherland Avenue
        Bronx, New York 10463
        (646) 470-0819