UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DIANE PERITZ,

                 Plaintiff,

      - against -

NASSAU COUNTY BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, BONNIE HELLER,
and JANET WEISEL,

                 Defendants.
-----------------------------------------------------------X

Docket No.: 16-CV-05478
(SJF)(AYS)

**AFFIDAVIT**

STATE OF NEW YORK     )
                         ) ss:
COUNTY OF NASSAU     )

      **SELMA STODDARD, ESQ.**, affirms the truth of the following under the penalties of

perjury:

      1.      I am employed by the Nassau County Board of Cooperative Educational Services

("Nassau BOCES") in the capacity of Attorney/Employee Relations.  I was employed in this

capacity during the plaintiff's employment with Nassau BOCES.

      2.      In this position, one of my responsibilities is to address all employee requests for

workplace accommodations, including requests for accommodations due to medical conditions

and/or physical limitations.  I am also responsible for investigating all internal complaints of

discrimination and/or harassment made by Nassau BOCES employees.

      3.      This Affidavit is based on my personal knowledge of the facts and circumstances

involved and a review of the applicable records.

4.      On September 4, 2015 Ms. Peritz submitted a doctor's note advising that she was under medical care for a lumbar spine and hip condition and that she should be prohibited from lifting more than ten pounds until further notice. See Exhibit "1".

5.      In response, I scheduled a meeting with Ms. Peritz, Ms. Weisel, and Dr. Carmine Scerra, the Associate Director of Special Education to discuss the plaintiff's condition and what specific modifications we would make or measures we would take in order to fully accommodate Ms. Peritz's needs.  Christopher Korolczuck, the Principal of the Center for Community Adjustment, and John Picarello, Principal of the Rosemary Kennedy School also participated in this meeting.

6.      During this meeting, it was agreed that Ms. Peritz would not be required to lift more than ten pounds.  It was also agreed that if students dropped to the floor, Ms. Peritz could request assistance and that she would notify her Principals if she required additional assistance.

7.      At the conclusion of the meeting, all parties agreed that the granted accommodations met Ms. Peritz's needs.

8.      I reminded Ms. Peritz that she should contact my office if her needs changed and she required further modifications or assistance.

9.      The notes I took during this meeting are attached.  See Exhibit "2".

10.     Following the meeting, I sent Ms. Peritz an e-mail confirming the discussion and the accommodation that Nassau BOCES implemented at her request.  See Exhibit "3", 9/11/15 E-mail.

11.     On October 8, 2015, Ms. Peritz submitted a second doctor's note advising that she continued to receive medical care for a lumbar spine and hip condition and must continue to

2

refrain from lifting ten pounds. In addition, the doctor recommended that Ms. Peritz should not pull/push or be pulled/pushed and that she should be excused if a situation arose in which she felt medically unsafe. See Exhibit "4".

12.     In response to receipt of this doctor's note, I scheduled a telephone conference to discuss the plaintiff's condition and whether any adjustments to her accommodations were necessary. See Exhibit "3", 10/9/15 10:21 a.m. E-mail.

13.     The telephone conference between me, Ms. Peritz, Ms. Weisel, Mr. Picarello, and Dr. Scerra was held on October 9, 2015. During this call, I inquired of Ms. Peritz about her specific needs and she advised me that she did not need additional support on a full-time basis, and rather, there was a possibility she may need additional support if she was faced with hard pushes/pulls. It was agreed that Ms. Peritz was the only one who could determine whether a push/pull was hard and that she would make such determination on a case-by-case basis and request assistance when she felt necessary. Ms. Peritz advised that she would share certain information with her colleagues as she felt necessary. Ms. Peritz did not request any other accommodation or assistance.

14.     Following this telephone conference, I confirmed the substance of the discussion with Ms. Peritz through an e-mail. I also reminded Ms. Peritz that that if her needs changed, she should not hesitate to contact my office. See Exhibit "3", 10/9/15 E-mail.

15.     Ms. Peritz thanked me and others for our understanding and consideration of her medical needs. See Exhibit "3", 10/12/15 E-mail.

16.     Ms. Peritz did not request any other accommodations or assistance other than being excused from lifting more than ten pounds and not being pushed/pulled, and she did not

3

advise of any other potential physical limitations.

17.     On October 13, 2015 I was copied on an e-mail in which Mr. Picarello responded to the plaintiff's request for possible assistance with transitioning a particular student in the hallway. Mr. Picarello, in accordance with the accommodations granted, advised the plaintiff to speak with the teacher and staff in the room and request the necessary support. The plaintiff later advised that she received the help she needed with transitioning this student. See Exhibit "5."


**SELMA STODDARD, ESQ.**


Sworn to before me on this
19TH day of September, 2017

**NOTARY PUBLIC**


MARY ELLEN MONTALBANO
Notary Public State of New York
No. 01MO4749083
Qualified in Nassau County
Commission Expires Aug. 31, 20_21_

4

EXHIBIT 1



# LONG ISLAND SPINE
# REHABILITATION MEDICINE

Jason S. Lipetz, M.D.   Jeffry R. Beer, M.D.   Joseph K. Lee, M.D.
www.lispinemed.com

| 501 Merrick Avenue | 550 Northern Blvd, Suite 204 | 1157 Broadway | 320 Robbins Lane |
| East Meadow, NY 11554 | Great Neck, NY 11021 | Hewlett, NY 11557 | Syosset, NY 11791 |
| Phone (516) 593-8941 | Phone (516) 441-5940 | Phone (516) 295-9400 | Phone (516) 513-0572 |
| Fax (516) 593-8870 | Fax (516) 441-3944 | Fax (516) 593-8870 | Fax (516) 593-8870 |

Date:        08/31/2015
Patient: Peditz, Diane
DOB:        ██/██/1957

To Whom It May Concern:

This letter is written to indicate the above patient is under my care for a lumbar spine and hip condition. I have recommended that above patient be granted a medical accommodation for the time being until I have a chance to review her condition once again. She is prohibited from lifting more than 10 pounds until further notice.

Please do not hesitate to contact a member of our team if additional questions should arise regarding this patient's course of care.

Sincerely,

Jeffry R. Beer, MD

EXHIBIT F
Deponent DP
Date 7/7/17  Rptr
www.DEPOBOOK.com

DEF 62

# EXHIBIT 2

Dr. and Jeritz.

Janet Weisel, Corning Scerva
Chris Koro/chuck. John ficaelte

OT — pick up students.
was @ CCA last year.

@ RKS → Students may be
behavioral and may drop
to the floor.

@ RKS, 16 or 17 sessions
Principal will ensure
enough support. A teacher
aide will accompany
her when walking w/
The student.

* when Kids drop to The
floor, she will
request assistance.

Contact Chris and/or
John if additional needs
arise or if needs change

DEF 239

EXHIBIT 3

**Bonnie Heller**

| | |
|---|---|
| **From:** | Diane Peritz |
| **Sent:** | Monday, October 12, 2015 8:52 AM |
| **To:** | Selma Shelton |
| **Cc:** | John Picarello; Tracey A. Nekulak; Bonnie Heller; Janet Weisel; Carmine Scerra; Robert Dreaper |
| **Subject:** | RE: Accommodation |

Again, thank you all for your understanding and consideration with my current medical needs. Diane

**From:** Selma Shelton
**Sent:** Friday, October 09, 2015 3:56 PM
**To:** Diane Peritz
**Cc:** John Picarello; Tracey A. Nekulak; Bonnie Heller; Janet Weisel; Carmine Scerra; Robert Dreaper
**Subject:** RE: Accommodation

Dear Diane,

This email shall serve as a follow-up to our conversation that we had a few minutes ago via telephone. On the call were you, me, John Picarello, Janet Weisel, and Dr. Scerra (who was in my office).

During the conversation, I asked you what additional needs you have based on the new note you submitted which states that you should not "pull/push or [be] pulled/pushed." You said that you initially thought you could handle your work without additional support but you now realize that you cannot. However, you stated that you do not need additional support on a full-time basis but there is a possibility of needing such support if there are "hard pushes/pulls." As we discussed, YOU are the only one who can tell whether a pull/push is "hard." You indicated that you will make these determinations on a case-by-case basis and will request assistance as needed.

You also stated that you will be sharing certain information with some of your colleagues. Once you have done so, please let Mr. Picarello know what information was shared so that he can direct staff without breaching your confidentiality.

At your request, I am copying Robert Dreaper and Bonnie Heller on this communication. As I explained on the phone, I wanted to address your requests as soon as possible and your supervisor is going to be unavailable next week. As such, a telephone conference TODAY was necessary.

It is my understanding that your needs are being met. However, should your needs change, please do not hesitate to contact my office. Also, to ensure that timely adjustments are made to the accommodations in place for you, please contact John Picarello so that he can start a dialogue with you ASAP if you need anything further.

Best,
Selma

_____

Selma Stoddard, Esq.
Assistant Director – Human Resources
Tel. No. 516-396-2360
Fax No. 516-396-2383
sstoddard@nasboces.org

DEF   313

**BOCES**
*forward* ≫ *Changing lives and shaping the future*

---

**From:** Diane Peritz
**Sent:** Friday, October 09, 2015 10:53 AM
**To:** Selma Shelton
**Subject:** RE: Accommodation

OK Great, Thanks.  Quick question, once the accommodations are in place what is the rotocol. How do people find out what they are? I ask because that appears to be part of what was the problem. John knew but no one else and I didn't tell any one. Please tell me how I should proceed after the conference. Thanks, Diane

---

**From:** Selma Shelton
**Sent:** Friday, October 09, 2015 10:21 AM
**To:** Diane Peritz
**Cc:** Carmine Scerra; Barbara Doherty
**Subject:** RE: Accommodation

Hi Diane,

Barbara Doherty will be setting up a conference call for us to adjust your accommodations based on your new note.

Selma

---

Selma Stoddard, Esq.
Assistant Director – Human Resources
Tel. No. 516-396-2360
Fax No. 516-396-2383
sstoddard@nasboces.org

*Changing lives and shaping the future*

---

**From:** Diane Peritz
**Sent:** Thursday, October 08, 2015 12:35 PM
**To:** Selma Shelton
**Subject:** RE: Accommodation

Hello:
I wanted to let you know that I have faxed an updated request for accommodation from my doctor due to the fact that I have had some difficulties and misunderstandings at RKS. Janet will forward it to you, I expect but if you need a copy from me please let me know. Thank you, Diane Peritz

---

**From:** Diane Peritz
**Sent:** Sunday, October 04, 2015 10:22 AM
**To:** diperitz@gmail.com
**Subject:** FW: Accommodation

---

**From:** Selma Shelton
**Sent:** Friday, September 11, 2015 11:31 AM
**To:** Diane Peritz

2

DEF   314

**Cc:** Christopher Korolczuk; John Picarello, Carmine Scerra; Janet Weisel
**Subject:** Accommodation

Hi Diane,

This email is a follow-up to our conversation relative to your request for an accommodation. According to the medical note you submitted, you are *"prohibited from lifting more than 10 pounds until further notice."* You explained that you do not anticipate having any difficulties during your assignment at CCA, but you foresee a potential problem if students with behavioral issues at RKS drop to the floor.

As we discussed, you will not be lifting more than 10 pounds; in the event that a student falls to the floor, you will request assistance. Also, John Picarello indicated that a teacher aide usually accompanies OTs when they are walking with students. As this is standard practice, it will continue. If, however, you need additional support during any part of your work day, please notify Mr. Picarello immediately and he will work with my office to make the necessary adjustments.

If your needs change at CCA, you may contact Mr. Korolczuk, or in the alternative, you may contact my office directly.
It is my understanding that the accommodations we discussed satisfy your current needs; however, should you have any additional requests, please do not hesitate to contact me directly at (516) 396-2360.

Best,
Selma

_____

Selma Stoddard, Esq.
Assistant Director – Human Resources
Tel. No. 516-396-2360
Fax No. 516-396-2383
sstoddard@nasboces.org

3

EXHIBIT 4



# LONG ISLAND SPINE
# REHABILITATION MEDICINE

Jason S. Lipetz, M.D.   Jeffry R. Beer, M.D.   Joseph K. Lee, M.D.
www.lispinemed.com

| 801 Merrick Avenue | 560 Northern Blvd, Suite 204 | 1157 Broadway | 320 Robbins Lane |
|---|---|---|---|
| East Meadow, NY 11554 | Great Neck, NY 11021 | Hewlett, NY 11557 | Syosset, NY 11791 |
| Phone (516) 393-5941 | Phone (516) 441-5940 | Phone (516) 295-9400 | Phone (516) 513-0672 |
| Fax (516) 393-8870 | Fax (516) 441-5944 | Fax (516) 393-8870 | Fax (516) 393-8870 |

Date: 10/07/2015
Patient: Peritz, Diane
DOB: ░░░░1957

To Whom It May Concern:

This letter is written to indicate the above patient is under my care for a lumbar spine and hip condition. I have recommended that above patient be granted a medical accommodation for the time being until I have a chance to review her condition once again. She is prohibited from lifting more than 10 pounds until further notice. She should also not pull/push or be pulled/pushed. If there is a situation in which she feels medically unsafe, she should be exempted from such activities.

Please do not hesitate to contact a member of our team if additional questions should arise regarding this patient's course of care.

Sincerely,

Jeffry R. Beer, MD

EXHIBIT 5

Bonnie Heller

| | |
|---|---|
| **From:** | Diane Peritz |
| **Sent:** | Wednesday, October 14, 2015 3:05 PM |
| **To:** | John Picarello |
| **Cc:** | Selma Shelton; Bonnie Heller |
| **Subject:** | RE: Assistance |

Hi, John,
Just wanted to let you know that Angela and her staff were very helpful with the transition to/from OT for B      Thanks
for your help with this difficulty.
Diane Peritz

---

**From:** John Picarello
**Sent:** Tuesday, October 13, 2015 1:24 PM
**To:** Diane Peritz
**Cc:** Selma Shelton; Bonnie Heller
**Subject:** RE: Assistance

Diane,

Please speak with the teacher and staff in room 207A and explain that you may need help and let me know if there is
any difficulty with them supporting you. I am confident that the teacher, Angela Conn, and her staff will be
supportive. Let me know if you need for me to follow up.

Also, I was glad to hear that your were able to discuss the situation with the staff in room 109A and that they will assist
you as needed. Please share your conversations with the teacher, Christina Broderick, when she returns to work.

Thanks for keeping me informed as things go forward,

John

---

**From:** Diane Peritz
**Sent:** Tuesday, October 13, 2015 12:02 PM
**To:** John Picarello
**Subject:** Assistance

Hi,
 I am currently working with B      L         in Room207A. B     does not have a 1:1 and when walking through the
hallway he may try to run after someone and reach out and grab them. I am thinking that I might need assistance with
this child, just with the transitions through the hall. I see him on Tuesday at 10:05-10:35 and Wednesdays at 1:00 -1:30.
Is it possible for an aide to assist during the transitions to and from class? Please let me know.
Thanks, Diane Peritz

1

DEF   316