SCHOOL YEAR: 20__ 20__

SUMMATIVE EVALUATION RATING (check one):
___ Satisfactory   X  Unsatisfactory

## CLASSIFIED EMPLOYEE EVALUATION EPORT

**NAME OF EMPLOYEE** (PRINT OR TYPE): Diane Peritz
**TITLE OF POSITION**: Occupational Therapist
**LOCATION/DIVISION**: Rosemary Kennedy and CCA
**PERIOD COVERED**: 3/5/15 - 10/8/15
**NAME OF APPRAISER** (PRINT OR TYPE): Janet Weisel
**TITLE OF POSITION**: Asst Coordinator OT/PT Services

**STATUS** (CHECK ONE):
___ PROVISIONAL:   EVALUATION DATE _____
X  PROBATIONARY:  EVALUATION DATE _____
___ PERMANENT:    EVALUATION DATE _____

| Areas for Review | Satisfactory | Unsatisfactory | Comments |
|---|---|---|---|
| Quality of work | | | |
| Quantity of work | | | |
| Work habits | | | see attached |
| Dependability | | | |
| Attendance | | | |
| Interpersonal skills | | | |
| Supervisory skills | | | |
| SUMMARY | | | |

SIGNATURE OF EMPLOYEE*

SIGNATURE OF APPRAISER: /s/ Janet Weisel

DATE OF POST-CONFERENCE

*THIS SIGNATURE INDICATES THAT THE REPORT WAS RECEIVED & REVIEWED. IT DOES NOT NECESSARILY DENOTE AGREEMENT. EMPLOYEE COMMENTS MAY BE MADE ON AN ADDITIONAL PAGE AND ATTACHED.

Rev. 3/1/01

Refused to sign on 10/20/15. /s/ JA Nekulak at mtg in H.R.

EXHIBIT B
Deponent DP
Date 7/7/17  Rptr AM
WWW.DEPOBOOK.COM

DEF 56

SCHOOL YEAR

SUMMATIVE EVALUATION RATING *(check one):*

\_\_\_\_ Satisfactory \_\_x\_ Unsatisfactory

## CLASSIFIED EMPLOYEE EVALUATION EPORT

Diane Peritz

NAME OF EMPLOYEE *(PRINT OR TYPE)*

Occupational Therapist

TITLE OF POSITION

Rosemary Kennedy and CCA

LOCATION / DIVISION

3/5/15-10/9/15

PERIOD COVERED

Janet Weisel

NAME OF APPRAISER *(PRINT OR TYPE)*

Asst. Coordinator OT/PT Services

TITLE OF POSITION

STATUS *(CHECK ONE):*   \_\_\_\_ PROVISIONAL:   EVALUATION DATE _____
\_x\_ PROBATIONARY:   EVALUATION DATE _____
\_\_\_\_ PERMANENT:   EVALUATION DATE _____

Ms. Peritz's effective date in Nassau BOCES was March 5, 2015. She originally worked three days and increased to full time on 4/14/15. Ms. Peritz's assignment was split between CCA and Jerusalem Avenue School. She is presently working full time with a caseload split between CCA and RKS.

- Knowledge of Therapy Needs –Ms. Peritz was observed on four different occasions while treating students in both CCA and RKS. One observation was in May, 2015. One was in September, 2015 and two were in October, 2015. When observed treating a high school student in RKS, Ms. Peritz failed to establish instructional control. She did not provide therapeutic input or instruction and allowed the student to take over control of the session. Upon questioning, Ms. Peritz stated that she did not know the contents of the student's Behavior Intervention Plan. Following the observation, Ms. Peritz was given professional feedback with suggestions for improvement. Ms. Peritz was then observed in CCA and in RKS. Ms. Peritz did not adequately follow the recommendations. Although her professional conduct during the last two observations was marginally better, we would have expected better professional performance demonstrated. During both of these treatment sessions, Ms. Peritz was able to engage the student in tasks, however, Ms. Peritz had difficulty providing appropriate feedback, did not consistently address the IEP goals and the tasks were not presented in a therapeutic manner. For example, while the student was engaged in a handwriting task, no instruction or therapeutic feedback was provided so that it was an exercise in writing, but did not facilitate improvement in student performance. Ms. Peritz said, "Good job" several times, without describing what was "good" or providing instruction on how the handwriting could be improved.

- Planning Skills –She had gathered materials prior to the student's session and kept the materials within easy reach; however her overall planning skills were not satisfactory since she failed to review the Behavior Intervention Plan (BIP) prior to providing the therapy session to the student. When the student observed was uncooperative, and Ms. Peritz was questioned about the behavior interventions recommended in the BIP, she responded that she did not know the contents of the BIP. Additionally, Ms. Peritz did not consistently address the IEP goals. For example, in one observation, she presented many activities in quick succession (less than 3 minutes each) when the student's IEP goals included working on an activity for five minutes.

- Therapeutic Techniques –Minimal therapeutic techniques were demonstrated during the four observed treatment sessions. Though the chosen tasks could have been therapeutic, they became a series of activities without direction or therapeutic purpose. For example, during one observation, various items were removed from a shelf and placed on a table. The student was then asked to organize the items on a shelf in size order, however, Ms. Peritz preceded to hand the student the items one by one and then Ms. Peritz pointed at the place that each item should be placed on the shelf. The result was that the student did not, in fact, need to sort by size or organize the items in any way. In another observation, the student's IEP goal involved using two hands during an activity. Ms. Peritz presented a pegboard to the student along with a

DEF 58

Ziploc bag filled with pegs. For the first half of the pegs, Ms. Peritz handed one peg at a time to the child from the color. She then asked the student to retrieve a peg from the bag. He did not utilize two hands and Ms. Peritz did not instruct him to do so, thereby not addressing the IEP goal.

- Behavior Management —Though Ms. Peritz stated that she had read over twenty Behavior Intervention Plans for all of her students and, therefore, could not remember the contents. There were actually only eight students on her caseload with BIPs and she was unfamiliar with the specifics for each of these students. Additionally, when the student observed on 9/30/15 pushed away all presented materials; Ms. Peritz did not address the behaviors through direct intervention or by seeking assistance from the one to one aide who was present.

- Interpersonal/Attitudinal Skills — On September 30, 2015, Ms. Peritz expressed that she had many years of experience and was able to handle students with behavior issues; however she was not able to demonstrate that with the students observed. Additionally, even after being instructed to communicate with her supervisors when she felt that she needed assistance, Ms. Peritz did not speak to Ms. Heller or Mr. Picarello (principals at RKS) in a timely manner. During one observation, a one to one aide was present. When that particular student was uncooperative, pushing away the presented activities, Ms. Peritz failed to ask the aide to assist her in controlling the student's behaviors.

- Professional Conduct —Overall, Ms. Peritz did not demonstrate the standard of professional judgment and conduct that we expect. When her student was disrobing during a treatment session, Ms. Peritz did not instruct him to stop nor did she intervene until the student stopped on his own. Ms. Peritz did not make it a learning experience. She also did not ask for the one to one aide to participate in redirecting the student.

Completion of Probation is not recommended at this time.

_____        *Janet Weinel*
SIGNATURE OF EMPLOYEE*               SIGNATURE OF APPRAISER

_____
DATE OF POST-CONFERENCE

*THIS SIGNATURE INDICATES THAT THE REPORT WAS RECEIVED & REVIEWED. IT DOES NOT NECESSARILY DENOTE AGREEMENT. EMPLOYEE COMMENTS MAY BE MADE ON AN ADDITIONAL PAGE AND ATTACHED.*

Rev. 3/1/01

*Refused to sign on 10/20/15 mtg in H.R.      J. aNekulak*

DEF 59