-----------------------------------------------------------------------------X

In the Matter of the Claim of

DIANE PERITZ,

     Claimant,

  -against-


BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY,
BONNIE HELLER, Principal of Nassau BOCES Rosemary Kennedy School,
JANET WEISEL, Supervisor of Occupational Therapists,
      Respondents.
-----------------------------------------------------------------------------X

### NOTICE OF CLAIM

TO: SECRETARY OF STATE
  BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY
  (Nassau BOCES), 71 Clinton Road, Garden City, New York
  PRINCIPAL BONNIE HELLER, Rosemary Kennedy School, 2850 N. Jerusalem Road,
  Wantagh, New York 11793
  JANET WEISEL, 2860 North Jerusalem Road, Wantagh, New York 11793

  PLEASE TAKE NOTICE that Claimant Diane Peritz, residing at 112 Holiday Drive

Woodbury, New York, 11797, does hereby make claim against Respondents, Nassau BOCES,

Bonnie Heller and Janet Weisel, for the sum of One Million Dollars ($1,000,000.00). The instant

Notice of Claim is timely brought as it is brought within ninety days of November 5, 2015, the

date Claimant was terminated. In support of such claim, Diane Peritz states the following:

### PARTIES

1.  Claimant, Diane Peritz, is an experienced Occupational Therapist with 16 years of experience.

2.  Respondent, Nassau BOCES, was Claimant's employer as that term is defined in Executive

  Law § 290. Nassau BOCES is an educational organization that provides teaching services and

  therapies to special needs children.



1

3. Respondent Bonnie Heller is and was the principal of the Nassau BOCES Rosemary Kennedy School, lower division.

4. Respondent Janet Weisel is the BOCES Supervisor of Occupational Therapists.

## STATUTES VIOLATED

5. The laws violated by Respondents include, inter alia, New York State Human Rights Law §§ 290 et seq., 292(1), 292(5), 292.21-e. Respondents failed to accommodate Claimant which would have permitted Claimant, who had a disability, to perform the functions of her job in a reasonable manner. Although Ms. Weisel repeatedly advised Claimant that she would be accommodated, Respondents failed to accommodate Claimant and instead terminated her on November 5, 2015. Prior to suffering from spinal stenosis, Respondents treated Ms. Peritz as a respected occupational therapist until her back condition. After her back condition Respondents took retaliatory actions which led up to the decision not to grant Ms. Peritz tenure and to terminate her. Respondents' actions were also discriminatory because virtually all non-disabled therapists received tenure.

## STATEMENT OF FACTS

6. Ms. Peritz was hired as a part-time employee in the field of occupational therapy in March of 2015. When she was offered the position by Janet Weisel, there was much discussion about the permanency of the position offered to her because she was being forced by the Civil Service deadlines created by BOCES and the timeline imposed by Weisel to leave her prior position in New York City. Ms. Peritz's New York City position was a permanent position that Ms. Peritz had held for several years and which was extremely fulfilling except for a very long commute of more than two hours. The commute for the new position was twenty minutes long.

2

7. In April of 2015, Ms. Weisel asked Ms. Peritz to become full time because Ms. Weisel stated to Ms. Peritz that Ms. Peritz was doing a wonderful job. Prior to accepting the position, Ms. Peritz asked Ms. Weisel whether the position was permanent because she was then working as a part-time therapist for the City of New York.

8. Ms. Weisel assured Claimant that the Nassau BOCES position would be permanent because occupational therapists and physical therapists received tenure nearly automatically.

9. On accepting the offer of a full-time position, Ms. Peritz was placed in two schools—CCA and the Jerusalem Avenue School.

10. Ms. Peritz was first observed by Ms. Weisel in May of 2015 at CCA. She was informed thereafter that she would be observed twice more prior to receiving tenure in the early fall.

11. Despite Ms. Peritz requesting dates for the two observations, Ms. Weisel failed to schedule observations but she promised that this would not interfere with receiving tenure.

12. Indeed, Ms. Peritz's annual evaluation was very good and she was asked to work the summer session, which would not have happened if she were not doing well.

13. The evaluation was signed by Ms. Weisel as well as by one of the school principals.

14. While working in the summer session, Ms. Peritz woke up on August 11, 2015 in great pain.

15. She was unable to go to work that day and immediately went to see Dr. Beer of Long Island Spine. He ordered an epidural and MRIs.

16. When the condition worsened, Ms. Peritz apoke to Assistant Principal Barrett and volunteered to come to school in a wheel chair in order to finish her summer paperwork.

17. Although Barrett agreed, Ms. Weisel advised her that she would not be permitted to come to the school but that Ms. Weisel would complete the paperwork.

18. Ms. Weisel subsequently commended Ms. Peritz for her organizational skills which made the task easier.

19. Ms. Peritz spent the rest of the summer resting and getting treatment for her back, which her doctor had diagnosed as spinal stenosis. Her doctor advised her that her condition would improve.

20. At the end of the summer Ms. Peritz was notified by mail that she would be placed in the fall with the CCA (which expressly asked her back) and with the Rosemary Kennedy School.

21. During the week before the school year started, Ms. Peritz called Ms. Weisel to discuss her back condition and weakness that was now improving. Ms. Peritz suggested taking off until she was stronger. Ms. Weisel asked instead for a doctor's letter seeking an accommodation for her disability.

22. Ms. Peritz's doctor prepared a letter on August 31, 2015 requesting an accommodation for Ms. Peritz.

23. A meeting regarding the accomodation was scheduled for September 11, 2015.

24. The meeting was run by Selma Shelton of BOCES with the principals on the phone. Ms. Weisel and Carmine Scerra were also at the meeting. A follow up email summarized the plan which was agreed to by the CCA principal, Chris Korolczuk and by John Picarello, a principal of the Rosemary Kennedy School.

25. The accommodation was agreed to and Ms. Peritz was assured that the accommodation would be implemented. The accomodation involved the use of aides to assist with lifting. No one advised Ms. Peritz that anything else needed to be done.

26. Indeed, Ms. Weisel assured Ms. Peritz that the accommodation would be implemented and she should not be concerned.

4

27. Ms. Weisel disregarded the terms of the accommodation and did not abide by the plan.

28. On Oct 2 Ms. Peritz was given at letter in the office of the Rosemary Kennedy School signed by Principal Bonnie Heller stating they she wanted to have a disciplinary meeting. Ms. Peritz had never met Ms. Heller before.

29. Bob Dreaper, Ms. Peritz's union representative was present at the meeting. It became clear that a paraprofessional in one of the sessions had complained about Ms. Peritz. The paraprofessional had not been made aware of Ms. Peritz's disability or of the accommodation. Parties at the meeting also discussed an earlier observation of Ms. Peritz involving a somnolent student who did not know Ms. Peritz. Ms. Peritz was informed that she should get Dr. Beer to update his request for an accommodation, which she did on Oct 11.

30. A phone conference was subsequently held regarding the updated accommodation and was agreed to and the parties agreed that the plan would be implemented.

31. Nevertheless, the letter summarizing the meeting appeared biased and the union rep agreed that Ms. Peritz should write a response which she did.

32. There is no question that Ms. Peritz is skilled at working with the population at the Rosemary Kennedy School, having worked with such students in home care for more than 10 years.

33. On October 2, 2015, Bonnie Heller apparently rejected the accommodation even though she had never spoken to Ms. Peritz and was unaware of the meetings held and the medical letters.

34. A meeting was subsequently held on October 20, 2015. Ms. Peritz was no longer permitted to work but was paid until the fifth of November. Ms Weisel claimed in an evaluation that Ms. Peritz's work was not satisfactory. Ms. Weisel and Principal Heller did not inform the CCA of the action they took.

5

35. Ms. Peritz was terminated as of November 5, 2015.  She did not receive 30 days' notice as required by the contract because if she had been employed past November 5, she would have to be granted tenure.

## DAMAGES

36. Ms. Peritz suffered, inter alia, multiple damages, the monthly pay she would have received had she been granted tenure, health benefits that she would have received while employed by Nassau BOCES, and health and retirement benefits that she would have received, upon retirement.  Ms. Peritz also sustained distress damages.

WHEREFORE, Claimant requests that her claim be allowed and paid in the amount of $1,000,000.00.

By: Mindy Kallus
Law Office of Mindy Kallus
3220 Netherland Avenue, 5D
Bronx, New York 10463
(646)470-0819
Kallusesq@gmail.com
Attorneys for Claimant

## VERIFICATION

STATE OF NEW YORK)

NASSAU COUNTY      )

DIANE PERITZ, being duly sworn, deposes and says that she is the claimant in the within Notice of Claim, that she has read the foregoing Notice of Claim, and knows the contents thereof, and the same is true to her own knowledge, except as to those matters stated to be on information and belief, and that as to those matters she believes them to be true.

DIANE PERITZ

Sworn to before me this 3 / 31
day of January, 2016

Notary Public

DENNIS FLEMING
Notary Public - State of New York
NO. 01FL6177504
Qualified In Nassau County
My Commission Expires  11-13-19