EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Attn:<br>Director of Human Resources<br>BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY<br>71 Clinton Road<br>Garden City, NY 11530 | **PERSON FILING CHARGE**<br><br>**Diane Peritz**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**520-2016-01839** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to

If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Vanessa Guest,<br>Supervisory Investigator<br>*EEOC Representative*<br>Telephone  (212) 336-3757 | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004<br>Fax: (212) 336-3625 |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

*[Stamp: RECEIVED 2016 MAY 20 A 10:33 DEPT. HUMAN RESOURCES NASSAU BOCES COUNTY]*

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| May 13, 2016 | Kevin J. Berry,<br>District Director | *[signed] Kevin J. Berry* |

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2016-01839 |
| | | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Diane Peritz | 516-921-8145 | 8/17/1957 |

Street Address: 112 Holiday Drive, Woodbury, New York 11797

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY | More than 15 | 516-396-2500 |

Street Address: 71 Clinton Road, Garden City, New York 11530

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 8/11/2015   Latest: 11/5/2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**INTRODUCTION**: Diane Peritz is a seasoned Occupational Therapist with 16 years of experience. Nassau County BOCES was Ms. Peritz's employer until November 5, 2015. Nassau County BOCES is an educational organization that provides teaching services and therapies to special needs children. Bonnie Heller is and was the principal of the Nassau County BOCES Rosemary Kennedy School, lower division. Janet Weisel is the BOCES Supervisor of Occupational Therapists. The witnesses to many of the events described below were Principal Bonnie Heller, Supervisor Janet Weisel, and Ms. Peritz. In August of 2015, while employed by Nassau County BOCES, Ms. Peritz sustained a disability, severe spinal stenosis, which is a physical impairment that interfered with a major life activity, specifically, lifting, as defined in 42 U.S.C. § 12102 of the ADA.

In failing to accommodate Ms. Peritz's disability and terminating her thereafter because of her disability, Nassau County BOCES violated the Americans with Disabilities Act ("ADA"), as amended by the ADA amendments of 2008 (42 U.S.C. §§ 12101-12213). Nassau County BOCES failed to accommodate Claimant as required by the ADA. Although Ms. Peritz was repeatedly advised that she would be accommodated, she was not accommodated. Instead she was terminated on November 5, 2015.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. N/A

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

See last page

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2016-01839 |
| | State or local Agency, if any | and EEOC |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**CONTINUED FROM PREVIOUS PAGE**

Ms. Peritz spent the rest of the summer after sustaining the disability resting and getting treatment for her back, which her doctor had diagnosed as spinal stenosis. Her doctor advised her that her condition would improve but that there could be flare-ups. At the end of the summer Ms. Peritz was notified by mail that she would be placed in the fall with the CCA (which expressly asked her back) and with the Rosemary Kennedy School. During the week before the school year started, Ms. Peritz called Ms. Weisel to discuss her back condition and weakness that was now improving. Ms. Peritz suggested taking off for a week or so until she was stronger. Ms. Weisel asked instead for a doctor's letter seeking an accommodation for the disability. Ms. Peritz's doctor prepared a letter on August 31, 2015 requesting an accommodation for Ms. Peritz. A meeting regarding the accommodation was scheduled for September 11, 2015. The meeting was run by Selma Shelton of BOCES with the principals on the phone. Ms. Weisel and Carmine Scerra were also at the meeting. A follow up email summarized the plan which was agreed to by the CCA principal, Chris Korolczuk and by John Picarello, a principal of the Rosemary Kennedy School. The accommodation was agreed to and Ms. Peritz was assured that the accommodation would be implemented. The accommodation involved the use of aides to assist with lifting. No one advised Ms. Peritz that anything else needed to be done. Indeed, Ms. Weisel assured Ms. Peritz that the accommodation would be implemented and she should not be concerned.

Ms. Weisel disregarded the terms of the accommodation and did not abide by the plan. On Oct 2, 2015 Ms. Peritz was given a letter in the office of the Rosemary Kennedy School signed by Principal Bonnie Heller stating that she wanted to have a disciplinary meeting. Ms. Peritz had never met Ms. Heller before. Bob Dreaper, Ms. Peritz's union representative was present at the meeting. It became clear that a paraprofessional in one of the sessions had complained about Ms. Peritz. The paraprofessional had not been made aware of Ms. Peritz's disability or of the accommodation. Parties at the meeting also discussed an earlier observation of Ms. Peritz involving a somnolent student who did not know Ms. Peritz. Ms. Peritz was informed that she should get Dr. Beer to update his request for an accommodation, which she did on Oct 11, 2015.

A phone conference was subsequently held regarding the updated accommodation and the parties agreed that the plan would be implemented. Nevertheless, the letter summarizing the meeting appeared biased and the union rep agreed that Ms. Peritz should write a response which she did. There is no question that Ms. Peritz was skilled at working with the population at the Rosemary Kennedy School, having worked with such students in home care for more than 10 years. On October 2, 2015, Bonnie Heller rejected the accommodation even though she had never spoken to Ms. Peritz and was unaware of the meetings held and the medical letters provided. A meeting was subsequently held on October 20, 2015. Ms. Peritz was no longer permitted to work but was paid until the fifth of November. Ms. Weisel claimed in an evaluation that Ms. Peritz's work was not satisfactory. Ms. Weisel and Principal Heller did not inform the CCA of the action they took. Ms. Peritz was terminated as of November 5, 2015.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.     N/A

I declare under penalty of perjury that the above is true and correct.

4/21/16   x _Doe Pet_
Date           Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
x _Doe Pet_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)   04/21/2016

CATHERINE DORO
Notary Public - State of New York
NO. 01DO6275198
Qualified in Nassau County
My Commission Expires 11/30/19

Mindy L. Kallus, Esq.
The Law Office of Mindy Kallus
3220 Netherland Avenue, 5D
Bronx, New York 10463
646-470-0819
kallusesq@gmail.com

March 17, 2016

Equal Employment Opportunity Commission
33 Whitehall Street
New York, New York

Re: Charge of Diane Peritz

Dear Sir/Madam:

I am counsel to Diane Peritz in the within matter and write to set forth her charge, pursuant to the Americans with Disabilities Act, against her former employer, the Board of Cooperative Educational Services of Nassau County (Nassau County BOCES). Ms. Peritz's address is 112 Holiday Drive, Woodbury, New York and her phone number is 516-921-8145. Nassau County BOCES is located on 71 Clinton Road in Garden City, New York; its phone number is 516-396-2500.

Diane Peritz, is a seasoned Occupational Therapist with 16 years of experience. Nassau County BOCES, was Ms. Peritz's employer until November 5, 2015. Nassau County BOCES is an educational organization that provides teaching services and therapies to special needs children. Bonnie Heller is and was the principal of the Nassau County BOCES Rosemary Kennedy School, lower division. Janet Weisel is the BOCES Supervisor of Occupational Therapists. The witnesses to many of the events described below were Principal Bonnie Heller, Supervisor Janet Weisel, and Ms. Peritz.

**STATUTES VIOLATED**

In failing to accommodate Ms. Peritz's disability and in terminating her thereafter, Nassau County BOCES violated the Americans with Disabilities Act ("ADA"), as amended by the ADA amendments of 2008 (42 U.S.C. §§ 12101-12213). While employed by Nassau County BOCES, Ms. Peritz sustained a disability, severe spinal stenosis, which is a physical impairment that interfered with a major life activity, specifically, lifting, as defined in 42 U.S.C. § 12102 of the ADA.

Nassau County BOCES failed to accommodate Claimant as required by the ADA. Although Ms. Peritz was repeatedly advised that she would be accommodated, she was not accommodated. Instead she was terminated on November 5, 2015.

1

Prior to suffering from spinal stenosis, BOCES and BOCES employees viewed Ms. Peritz as a respected occupational therapist and, in fact, was qualified within the meaning of the statute. In sum, she was and is qualified for her position as an Occupational Therapist within the meaning of ADA.

After sustaining the back condition, BOCES employees took retaliatory actions and determined not to grant Ms. Peritz tenure and to terminate her. These actions were also discriminatory because as stated by those BOCES employees to Ms. Peritz virtually all non-disabled therapists received tenure. See 42 U.S.C. § 12112.

## STATEMENT OF FACTS

Ms. Peritz was hired as a part-time employee in the field of occupational therapy in March of 2015. When she was offered the position by Janet Weisel, there was much discussion about the permanency of the position offered to her because she was being forced by the Civil Service deadlines created by BOCES and the timeline imposed by Weisel to leave her prior position in New York City. Ms. Peritz's New York City position was a permanent position that Ms. Peritz had held for several years and which was extremely fulfilling except for a very long commute of more than two hours. The commute for the new position was twenty minutes long.

In April of 2015, Ms. Weisel asked Ms. Peritz to become full time because Ms. Weisel stated to Ms. Peritz that Ms. Peritz was doing a wonderful job. Prior to accepting the position, Ms. Peritz asked Ms. Weisel whether the position was permanent because she was then working as a part-time therapist for the City of New York.

Ms. Weisel assured Ms. Peritz that the Nassau BOCES position would be permanent because occupational therapists and physical therapists received tenure nearly automatically. On accepting the offer of a full-time position, Ms. Peritz was placed in two schools—CCA and the Jerusalem Avenue School.

Ms. Peritz was first observed by Ms. Weisel in May of 2015 at CCA. She was informed thereafter that she would be observed twice more prior to receiving tenure in the early fall. Despite Ms. Peritz requesting dates for the two observations, Ms. Weisel failed to schedule observations but she promised that this would not interfere with receiving tenure.

Indeed, Ms. Peritz's annual evaluation was very good and she was asked to work the summer session, which would not have happened if she were not doing well. The evaluation was signed by Ms. Weisel as well as by one of the school principals.

While working in the summer session, Ms. Peritz woke up on August 11, 2015 in great pain. She was unable to go to work that day and immediately went to see Dr. Beer of Long Island Spine. He ordered an epidural and MRIs. When the condition worsened, Ms. Peritz spoke to Assistant Principal Barrett and volunteered to come to school in a wheel chair in order to finish her summer paperwork.

Although Barrett agreed, Ms. Weisel advised her that she would not be permitted to come to the school but that Ms. Weisel would complete the paperwork. Ms. Weisel subsequently commended Ms. Peritz for her organizational skills which made the task easier.

2

Ms. Peritz spent the rest of the summer resting and getting treatment for her back, which her doctor had diagnosed as spinal stenosis. Her doctor advised her that her condition would improve. At the end of the summer Ms. Peritz was notified by mail that she would be placed in the fall with the CCA (which expressly asked her back) and with the Rosemary Kennedy School.

During the week before the school year started, Ms. Peritz called Ms. Weisel to discuss her back condition and weakness that was now improving. Ms. Peritz suggested taking off until she was stronger. Ms. Weisel asked instead for a doctor's letter seeking an accommodation for her disability. Ms. Peritz's doctor prepared a letter on August 31, 2015 requesting an accommodation for Ms. Peritz. A meeting regarding the accommodation was scheduled for September 11, 2015. The meeting was run by Selma Shelton of BOCES with the principals on the phone. Ms. Weisel and Carmine Scerra were also at the meeting. A follow up email summarized the plan which was agreed to by the CCA principal, Chris Korolczuk and by John Picarello, a principal of the Rosemary Kennedy School. The accommodation was agreed to and Ms. Peritz was assured that the accommodation would be implemented. The accommodation involved the use of aides to assist with lifting. No one advised Ms. Peritz that anything else needed to be done. Indeed, Ms. Weisel assured Ms. Peritz that the accommodation would be implemented and she should not be concerned.

Ms. Weisel disregarded the terms of the accommodation and did not abide by the plan. On Oct 2 Ms. Peritz was given at letter in the office of the Rosemary Kennedy School signed by Principal Bonnie Heller stating they she wanted to have a disciplinary meeting. Ms. Peritz had never met Ms. Heller before. Bob Dreaper, Ms. Peritz's union representative was present at the meeting. It became clear that a paraprofessional in one of the sessions had complained about Ms. Peritz. The paraprofessional had not been made aware of Ms. Peritz's disability or of the accommodation. Parties at the meeting also discussed an earlier observation of Ms. Peritz involving a somnolent student who did not know Ms. Peritz. Ms. Peritz was informed that she should get Dr. Beer to update his request for an accommodation, which she did on Oct 11.

A phone conference was subsequently held regarding the updated accommodation and was agreed to and the parties agreed that the plan would be implemented. Nevertheless, the letter summarizing the meeting appeared biased and the union rep agreed that Ms. Peritz should write a response which she did.

There is no question that Ms. Peritz is skilled at working with the population at the Rosemary Kennedy School, having worked with such students in home care for more than 10 years. On October 2, 2015, Bonnie Heller apparently rejected the accommodation even though she had never spoken to Ms. Peritz and was unaware of the meetings held and the medical letters.

A meeting was subsequently held on October 20, 2015. Ms. Peritz was no longer permitted to work but was paid until the fifth of November. Ms Weisel claimed in an evaluation that Ms. Peritz's work was not satisfactory. Ms. Weisel and Principal Heller did not inform the CCA of the action they took. Ms. Peritz was terminated as of November 5, 2015. She did not receive 30 days' notice as required by the contract because if she had been employed past November 5, she would have to be granted tenure.

3

In short, Ms. Peritz, as a seasoned Occupational Therapist, was qualified for her position with Nassau County BOCES and had a disability (physical impairment) which interfered with a major life activity. Nassau County BOCES failed to accommodate her disability and failed to engage in an interactive process so as to accommodate her disability. In view of the foregoing facts and law, Ms. Peritz plainly has a charge against Nassau County BOCES and is entitled to compensatory damages, punitive damages, and emotional distress damages.

Very Truly Yours,

*Mindy Kallus*

Mindy Kallus
Law Office of Mindy Kallus
3220 Netherland Avenue, 5D
Bronx, New York 10463
646-470-0819
Attorneys for Diane Peritz



CERTIFIED MAIL
7010 0290 0000 2017 5891

U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

July 27, 2016

Ms. Diane Peritz
c/o Mindy Kallus, Esquire
Law Office of Mindy Kallus
3220 Netherland Avenue, 5D
Bronx, NY 10463

Re: EEOC Charge Against Board of Cooperative Educational Services of Nassau County
No. 520201601839

Dear Ms. Peritz:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
Board of Cooperative Educational Services of Nassau County