UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DIANE PERITZ,

                    Plaintiff,

-against-

NASSAU COUNTY BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, BONNIE HELLER,
and JANET WEISEL,

                    Defendants.
--------------------------------------------------------X

**MEMORANDUM & ORDER**

16-CV-5478 (DRH)(AYS)

**APPEARANCES:**

**For Plaintiff**
Sanderlands Eyet LLP
1545 U.S. Highway 206, suite 304
Bedminister, New jersey 07921
By:    Mindy Kallus, Esq.

**For Defendant:**
Silverman & Associates
445 Hamilton Avenue, Suite 10601
White Plains, New York
By:    Caroline B. Lineen, Esq.
       Karen C. Rudnicki, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Diane Peritz ("Plaintiff") commenced this action against defendants Nassau

County Board of Cooperative Educational Services ("BOCES"), Bonnie Heller ("Heller") and

Janet Weisel ("Weisel") (collectively "Defendants") asserting claims under the American with

Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). The

purpose of this Memorandum is to address that portion of Defendants' pre-trial motion in limine

which seeks dismissal of the NYSHRL claims against the Defendants for failure to timely serve

a notice of claim in accordance with N.Y. Educ. Law § 3813. For the reasons set forth below, the application is granted.

## BACKGROUND

There are currently remaining[1] the following claims, all of which are premised on BOCES' termination of Plaintiff from the position of occupational therapist: (1) an ADA retaliation claim as against BOCES; (2) NYSHRL discrimination and retaliation claims as against BOCES; and (3) NYHRL aider and abettor claims against Heller and Weisel. Only those undisputed facts relevant to the notice of claim issue are set forth below.

During a meeting held on October 20, 2015, Plaintiff was advised that she was going to be terminated and that she was reassigned to home effective as of October 21, 2015. On October 22, 2015 the Board of BOCES voted to terminate Plaintiff's employment effective November 5, 2015, the end of her six month probationary period. Plaintiff was advised of the Board's decision by letter dated October 23, 2015. Plaintiff served a notice of claim on February 1, 2016.

## DISCUSSION

I.     **Education Law Section 3813's Notice Requirement**

Section 3813 of the New York Education Law provides in pertinent part as follows:

1. No action or special proceeding, for any cause whatever . . .shall be prosecuted or maintained  against any . . . board of cooperative educational services . . . or any officer of a . . . board of cooperative educational services . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body . . . within three months after the accrual of such claim. . . .

2. Notwithstanding anything to the contrary hereinbefore contained in this section, no action or special proceeding founded upon tort shall be prosecuted or maintained against any of the parties named in this section or against any teacher or member of the supervisory or administrative staff or employee where the

---

[1] Certain of Plaintiff's other claims were dismissed on a motion for summary judgment. *See* Memorandum and Order dated November 15, 2018 (DE 57) ("2018 Order").

alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, or governing body of the school unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. Every such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law . . . .

N.Y. Educ. Law § 3813.

Compliance with § 3813 is a condition precedent to the filing of suit. *Laface v. Eastern Suffolk BOCES*, 349 F. Supp. 3d 126 (E.D.N.Y. 2018); *see Quiles v. Suffolk County Community College*, 2005 WL 8161194, * 8 (E.D.N.Y. Sept. 28, 2005). As such, the failure to serve a notice of claim "'does not have to be pleaded as an affirmative defense.'" *Id.* (quoting *Flanagan v. Bd. of Educ. Commack Union Free Sch. Dist.*, 47 N.Y.2d 613, 617 (1979).[2] "Notice of claim requirements are construed strictly" and "[f]ailure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793–94 (2d Cir. 1999) (internal quotation marks omitted).

## II.    The Parties' Contentions

Defendants maintain that Plaintiff was required to comply with the requirements set forth in ¶ 3813(1) prior to commencing an action with claims under the NYSHRL. According to Defendants the claim for employment discrimination accrued, at the latest, on October 23, 2015 when BOCES Board voted to terminate her and that decision was communicated to her and therefore the deadline for the presentation of a written verified claim to BOCES was, at the latest, January 25, 2016 (January 23, 2016 being a Saturday), rendering Plaintiff's February 1, 2016 notice of claim untimely.

---

[2] In contrast, the failure to comply with a contractual condition precedent must be pleaded as a defense. *See* N.Y. CPLR § 3015.

In response, Plaintiff asserts that the motion to dismiss is improper and untimely as (1) it was not filed until after their answer and until after their motion for summary judgment; (2) the Court previously decided on the motion for summary judgment that the notice of claim was proper and there are no grounds to reconsider that decision; and (3) they waived the argument by not raising it in their answer. She further argues that her claim accrued on November 5, 2015 (the effective date of her termination) or later and that, in any event a notice of claim may not be required in this case given the decision in *Margerum v. City of Buffalo*, 24 N.Y.3d 721, 727 (2015).

### III.    Plaintiff was Required to Serve a Written Verified Claim

As set forth above, §3813 contains two provisions regarding presenting a claim to the governing board of BOCES prior to instituting suit. Subsection one requires a written verified claim for all actions and proceeding, whereas subsection two requires a notice of claim prior to the institution of a claim or proceeding "founded upon tort."

In *Margerum v. City of Buffalo*, 24 N.Y.3d 721, 727 (2015), the New York Court of Appeals addressed the issue of whether the New York General Municipal Law requires a notice of claim for action based on the NYSHRL. The General Municipal Law requires a notice of claim for actions only for certain types of claims. *See* N.Y. Gen'l Mun. Law §§ 50-e, 50-i. The *Margerum* Court held that NYSHRL claims are neither tort action nor claims for personal injury, wrongful death or damage to personal property and therefore "service of a notice of claim is not a condition precedent to commencement of an action where General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria." (internal quotation marks omitted). Cases decided subsequent to *Margerum* have explained, however, that a notice of claim must be filed for NYSHRL claims against the entities listed in §3813(1) as that section applies to an "action . . .

for any cause whatever." *See Seifullah v. City of New York*, 161 A.D.3d 1206 (2d Dept. 2018); *Bagarozzi v. New York Dept. of Educ.*, 2019 WL 1454316 at \*3-4 (S.D.N.Y. Mar. 31, 2019); *Laface v. Eastern Suffolk BOCES*, 349 F. Supp. 3d 126, 162-63 (E.D.N.Y. 2018); *United States v. New York Dept. of Educ.*, 2017 WL 1319695, \*2 (S.D.N.Y. Apr. 4, 2017); *Berrie v. Bd. of Educ. of Port-Chester-Rye Union Free Sch. Dist*, 2017 WL 2374363 \*8 (S.D.N.Y. May 31, 2017); *cf. Sager v. County of Sullivan*, 145 A.D. 3d 1175 (3d Dept. 2016) (notice of claim required for employment discrimination claim against county as N.Y. County Law § 52 mandates them for "any claim . . . against a county for damage" or "or any other claim for damages arising at law or in equity"); *Melendez v. County of Westchester*, 2019 WL 297519 (S.D.N.Y. Jan 23, 2019) (same); *but see Caputo v. Copiague Union Free Sch. Dist.*, 2016 WL 6581865 (E.D.N.Y. ;Nov. 6, 2016) (holding that former principal need not file a notice of claim for NYSHRL claim against school district citing only §3813(2) and not discussing § 3813(1)).

Accordingly, as Plaintiff is asserting an employment discrimination claim against an educational entity enumerated in §3813(1), she was required by that section to serve a written verified claim upon BOCES within three months of the accrual of her claim.

The question then becomes, when did her claim accrue. But prior to addressing that issue, the Court will address Plaintiff's arguments that the instant motion is improper and untimely.

## IV.     The Instant Motion is Neither Untimely Nor Improper

There are three grounds asserted in support of plaintiff's argument that this motion is improper and untimely: (1) it was not filed until after their answer and until after their motion for summary judgment; (2) the Court previously decided on the motion for summary judgment that the notice of claim was proper and there are no grounds to reconsider that decision; and (3) they waived the argument by not raising it in their answer. None of these assertions are meritorious.

First, the decision on the motion for summary judgment did not address, in any form, the timeliness of the notice of claim. Rather, in reciting the procedural history of the case, the Court simply noted that Plaintiff served a notice of claim on February 1, 2016. (2018 Order at 13.)

Nor were defendants required to raise the failure to timely comply with §3813(1) in their answer or motion for summary judgment. As discussed earlier, this section establishes a condition precedent to suit and may be raised at any time and need not be raised as a defense in an answer.[3] While it may be unusual to raise the issue in a motion in limine before trial, Plaintiff does not cite any case law or federal rule that precludes such a procedure.

Moreover , there is case law that "[f]ederal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement . . . ."). *Dingle v. City of N.Y.*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010). "Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant at any point in the litigation and courts must consider them sua sponte." *Fort Bend County, Texas v. Davis* – S. Ct. --, 2019 WL 2331306 (June 3, 2019) (internal quotation marks omitted.)

In sum, the Court may appropriately consider the matter.

## V. When Did Plaintiff's Claim Accrue?

Although often used interchangeably, "[t]he term 'claim accrued' [as used with respect to notices of claim] is not synonymous with the term 'cause of action accrued' [with respect to statute of limitations] and a claim can accrue far earlier than a cause of action based upon the same underlying subject matter." *Board of Educ. of Union-Endicott Cent. Sch. Dist. v. New York State Public Employment Board*, 250 A.D. 82, 85 (3d Dept. 1998) (quoting *Henry Boechmann,*

---

[3] The Court notes, however, that in their answer defendants both denied the allegation that Plaintiff filed a timely notice of claim (*see* Answer (DE 14) ¶ 41) and asserted as a defense the failure "to satisfy certain conditions precedent before filing this action" (*see id.* ¶85).

*Jr. & Assocs. v. Bd. of Educ. Hempstead Union Free Sch. Dist.*, 207 A.D.2d 773, 775 (2d Dept. 1994)). For purposes of a notice of claim, "an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff." *Pindar v. City of New York*, 49 A.D.3d 280 (1st Dept. 2008); *but see Hoger v. Thomann*, 189 A.D.2d 1048 (3d Dept. 1993) (holding that plaintiff claim accrued for purposes of notice of claim "when BOCES' board voted to terminate her"). That the termination is made effective at a later date does not affect the time when the claim accrues for purposes of § 3813 where, as here, the claim is clearly founded on the decision to terminate. *See Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 467 (S.D.N.Y. 2002).

Here, the decision to terminate Plaintiff was made by the BOCES Board on October 22, 2015 and plaintiff was so advised of that decision by letter dated October 23, 2019. If October 23, 2019 is the date by which to measure the commencement of the three month period, then the notice of claim is untimely.

Plaintiff argues, however, that Defendants' motion must be denied because there is no proof of mailing. Defendants respond that (1) Plaintiff was orally informed she was being terminated in a meeting held on October 20, 2015; (2) she obviously received the letter as she produced it as part of her Rule 26 disclosures and (3) she does not argue that she received the letter after November 1, 2015.

Plaintiff's argument regarding the lack of proof of mailing has some surface appeal. On close examination, however, it fails. As service of a timely notice of claim is a condition precedent, the burden is on Plaintiff to demonstrate compliance with the notice of claim requirements. *Bryant v. Rourke*, 2017 WL 1318545, at *6 (E.D.N.Y., Feb. 2, 2017); *Horvath v. Daniel,* 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) (citation omitted). That burden includes

demonstrating timely service thereof. It is not Defendants' burden to demonstrate the service was untimely. As Defendants point out, Peritz does not argue that she received the letter on or after November 1, 2015. As Plaintiff has not demonstrated compliance with Section 3813(1), dismissal of the NYSHRL claims against BOCES must be granted. *See Dingle v. City of N.Y.*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement . . . .").[4]

Defendants also seek dismissal of the NYSHRL aiding and abetting claims against Heller and Weisel on the theory that as the primary NYSHRL claim has be dismissed, there can be no aiding and abetting liability. The Court agrees. *See Ferraro v. Ramapo Cent. Sch. Dist.*, 2017 WL 6343686, at *4 (S.D.N.Y. Dec. 11, 2017).

## CONCLUSION

That portion of Defendants' pre-trial motion in limine which seeks dismissal of the NYSHRL claims against the Defendants for failure to timely serve a notice of claim is granted. Accordingly, the trial of this matter shall be limited to Plaintiff's ADA retaliation claim against BOCES.

**SO ORDERED.**

Dated: Central Islip, New York       s/ Denis R. Hurley
       June 7, 2019                 Denis R. Hurley
                                 United States District Judge

---

[4]  Although not raised by the parties, the Court notes that § 3813(1) seemingly required Plaintiff to timely serve a notice of her claim against Weisel. As quoted above, that requirement applies to a claim against an "officer" of the enumerated educational entities. Given the definition of school officers in N.Y. Educ. Law § 2(13), person such as who have district -wide duties as opposed to school specific duties (such as a principal) are included within the term "officer." *See Laface,* 349 F. Supp. 3d at 162-63. Weisel is identified as the "BOCES Supervisor of Occupational Therapists," and, based on the facts set forth in the summary judgment motion, appears to have duties not limited to a specific BOCES school.