UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DIANE PERITZ,

                     Plaintiff,

-against-

NASSAU COUNTY BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, BONNIE HELLER,
and JANET WEISEL,

                     Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CV-5478 (DRH)(AYS)

**APPEARANCES:**

**For Plaintiff**
Sanderlands Eyet LLP
1545 U.S. Highway 206, Suite 304
Bedminister, New Jersey 07921
By:    Mindy Kallus, Esq.

**For Defendant:**
Silverman & Associates
445 Hamilton Avenue, Suite 10601
White Plains, New York
By:    Caroline B. Lineen, Esq.
         Karen C. Rudnicki, Esq.

**HURLEY, Senior District Judge:**

The purpose of this Memorandum is to address Plaintiff's motion for reconsideration of this Court's June 7, 2019 Memorandum and Order (the "June 7 Order") which dismissed her NYSHRL claims against the Defendants for failure to demonstrate compliance with N.Y. Educ. Law § 3813(1). For the reasons set forth below, the application is denied.

**I.    The Standard for Reconsideration**

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

## II. Reconsideration is not Warranted

The asserted basis for reconsideration is as follows:

> Plaintiff seeks reconsideration . . . regarding the date the state employment claims accrued. This Court failed to fully consider all the relevant dates and adopted Defendants' position without sufficient analysis. Plaintiff argued all along that the state law claims accrued on the last date of Plaintiff's employment by BOCES - the date BOCES referred to as the effective termination date and the date the BOCES's decision became final and binding. Defendants' letter was not

dispositive of the date the claims accrued. This Court's ruling was clearly erroneous and resulted in manifest injustice.

Pl.'s Mem. (DE 74) at 3-4.)

Contrary to the foregoing assertion, the Court considered and rejected Plaintiff's argument that her state claims accrued on or after November 5, 2015:

> Although often used interchangeably, "[t]he term 'claim accrued' [as used with respect to notices of claim] is not synonymous with the term 'cause of action accrued' [with respect to statute of limitations] and a claim can accrue far earlier than a cause of action based upon the same underlying subject matter." *Board of Educ. of Union-Endicott Cent. Sch. Dist. v. New York State Public Employment Board*, 250 A.D. 82, 85 (3d Dept. 1998) (quoting *Henry Boechmann, Jr. & Assocs. v. Bd. of Educ. Hempstead Union Free Sch. Dist.*, 207 A.D.2d 773, 775 (2d Dept. 1994)). For purposes of a notice of claim, "an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff." *Pindar v. City of New York*, 49 A.D.3d 280 (1st Dept. 2008); *but see Hoger v. Thomann*, 189 A.D.2d 1048 (3d Dept. 1993) (holding that plaintiff's claim accrued for purposes of notice of claim "when BOCES' board voted to terminate her"). That the termination is made effective at a later date does not affect the time when the claim accrues for purposes of § 3813 where, as here, the claim is clearly founded on the decision to terminate. *See Jamieson v. Poughkeepsie City Sch. Dist.*, 195 F. Supp. 2d 457, 467 (S.D.N.Y. 2002).

(June 7 Order at 6-7.) In fact, in her motion for reconsideration, Plaintiff cites cases holding that an employment discrimination claim accrues when the adverse employment determination is communicated to the employee. (*See* Pl.'s Mem. at 6.) While she asserts that BOCES adverse action only became final after her last day of employment, that proposition was rejected by the *Jamieson* court as quoted above.

Additionally, contrary to Plaintiff's assertion, the Court did not hold that the claim accrued on October 23, 2015, the date of the letter informing Plaintiff that her employment was being terminated. Rather, it held that Plaintiff has not sustained her burden of demonstrating that her 3813 notice was timely, which impliedly meant that she had to demonstrate that she received the letter after November 1, 2015.

In the June 7 Order, the Court began its discussion of the timeliness of the notice as follows: "Here, the decision to terminate Plaintiff was made by the BOCES Board on October 22, 2015 and plaintiff was so advised of that decision by letter dated October 23, 2019. If October 23, 2019 is the date by which to measure the commencement of the three month period, then the notice of claim is untimely." After describing the position of the parties, including Plaintiff's argument that the motion should be denied because there was no proof of mailing and Defendant's response that she obviously received the letter as she produced it and that she does not argue that she received the letter after November 1, 2015 (the date that would make her 3813 notice timely), the Court rejected Plaintiff's argument regarding the proof of mailing.

> Plaintiff's argument regarding the lack of proof of mailing has some surface appeal. On close examination, however, it fails. As service of a timely notice of claim is a condition precedent, the burden is on Plaintiff to demonstrate compliance with the notice of claim requirements. *Bryant v. Rourke*, 2017 WL 1318545, at *6 (E.D.N.Y., Feb. 2, 2017); *Horvath v. Daniel,* 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) (citation omitted). That burden includes demonstrating timely service thereof. It is not Defendants' burden to demonstrate the service was untimely. As Defendants point out, Peritz does not argue that she received the letter on or after November 1, 2015. As Plaintiff has not demonstrated compliance with Section 3813(1), dismissal of the NYSHRL claims against BOCES must be granted. *See Dingle v. City of N.Y.*, 728 F. Supp. 2d 332, 348-49 (S.D.N.Y. 2010) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement . . . .").

(June 7 Order at 7-8). Thus, the Court did not hold that the claim accrued on October 23. Rather, its decision was based on Plaintiff's failure to demonstrate that her notice was served within three months after accrual of the claim.

As Defendant points out, there is a rebuttable presumption that a document is mailed on the date shown on it and it was received three days later. (Defs' Opp. (DE 77) at 3 (citing, inter alia, *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522 (2d Cir. 1996)). And while Plaintiff disputes the application of the presumption vis a vis a § 3813 notice, she cites no cases in support of that

proposition.[1] Applied to this case, in the absence of evidence to the contrary, it is presumed Plaintiff received the October 23, 2015 letter on October 27, 2015, October 26 being a Sunday. Here, unlike *Sherlock*, there is no evidence to the contrary.[2]

Moreover, the Court notes that proof of mailing has now been submitted in the form of an affidavit of Elizabeth Calabrese. And while Plaintiff attacks the sufficiency of that affidavit on the grounds it does not "definitively state the letter went out on October 23, 2015" (Pl.'s Rep. at 4), proof of mailing may be established by a showing, as was done here, that it was the regular office practice and procedure to mail such a letter. *Brecher v. Midland Credit Mgmt.*, 2019 WL 1171476, *5 (E.D.N.Y. Mar. 13, 2019) (citing *Mont Vernon Fir Ins. Co. v. E. Side Renaissance Assocs.,* 893 F. Supp. 242, 245-46 (S.D.N.Y. 1995) (collecting New York state and federal cases holding same)).

### III. Conclusion

Having considered all of Plaintiff's arguments, the motion for reconsideration is denied.

**SO ORDERED.**

Dated: Central Islip, New York       s/ Denis R. Hurley
July 1, 2019      Denis R. Hurley
     United States District Judge

---

[1] The question then arises whether New York State or federal law applies. Even assuming it is the former, New York state courts have applied a presumption of delivery of less than three days. *See Dulberg v. Equitable Life Assurance Society*, 277 N.Y. 17, 21 (1938) (judicial notice taken that mail from Brooklyn to Manhattan would be delivered the next day); *News Syndicate Co. v. Gatti Paper Stock Corp.*, 256 N.Y. 211, 214 (1931) (judicial notice taken that a letter sent from one office in New York City to another office in New York City will be delivered on the next day); *Henry v. Trotto*, 20 Misc. 3d 1134 (Sup. Ct. Suffolk Co. 2008) (concluding that service by mail by deposit at Babylon Post Office was reasonably calculated to be received at a residence in Islip the next day.) *See generally* CPLR 2103 (amended effective January 1, 2016, to add five days (instead of three) for an in-state mailing).

[2] In *Sherlock*, the court found there was a question as to when the subject letter, addressed to plaintiff and another, was received by that plaintiff in view of evidence that the other addressee received the letter twelve days after its date, "plainly rais[ing] a question of fact as to whether [plaintiff] received it within three days of its typewritten date." 83 F.3d at 526. It also noted, however, that the plaintiff's affidavit that she had no recollection of when she received the letter was insufficient to rebut the presumption of receipt within three days. *Id.*